HARRY G. LIESE, Appellant, v. BANY LEVY, Respondent.— Appeal dismissed, without costs. Kelly, P. J., Manning, Kelby and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISRAEL J. MERRITT and Others, Appellants.— Cause ordered on the March, 1924, term calendar. Kelly, P. J., Manning, Kelby and Kapper, JJ., concur.

CHARLES L. SANKEY, etc., Respondent, v. METROPOLITAN FINANCE CORPORATION and Others, Appellants. (Appeal No. 1.) — A peal dismissed, without costs. Kelly, P. J., Manning, Kelby and Kapper, JJ., concur.

CHARLES L. SANKEY, etc., Respondent, v. METROPOLITAN FINANCE CORPORATION and Others, Appellants. (Appeal No. 2.) — Appeal dismissed, without costs. Kelly, P. J., Manning, Kelby and Kapper, JJ., concur.

NOAH SILVERBERG, etc., Respondent, v. THE CITIZENS WATER SUPPLY COMPANY OF NEWTOWN, Defendant. THE CITY OF NEW YORK, Appellant.— Cause ordered on the March, 1924, term calendar. Kelly, P. J., Manning, Kelby and Kapper, JJ., concur.

WILLIAM T. STORM, Respondent, v. LEWIS DE GROFF & SON, Appellant.—Appeal dismissed, without costs. Kelly, P. J., Manning, Kelby and Kapper, JJ., concur.

ALBERT WEINKAUF, Appellant, v. JOHN J. BLISS, Respondent.— Appeal dismissed, without costs. Kelly, P. J., Manning, Kelby and Kapper, JJ., concur.

RICHARD W. EVENGER, Respondent, v. LOUIS SIMON, Appellant.— Application denied, with ten dollars costs.

EMMETT D. PAGE, Appellant, v. THOMAS B. SNOW, Respondent.— Application denied, with ten dollars costs.

SAMUEL BAKER and Another, Respondents, v. JOHN CARLSON, Appellant. — Judgment modified by striking therefrom the award of $300 damages for loss of rental between July 1, 1922, and January 1, 1923, and as so modified unanimously affirmed, without costs. The seventh finding of fact is reversed as contrary to the evidence. We think the evidence presented a question of fact as to the performance of the agreement by plaintiffs and its breach by defendant, and that the conclusions of the learned trial justice are sustained by the evidence As to the award of damages for loss of rental, despite the finding of fact that the motion picture theatre was substantially completed at the date of the trial in November, 1922, there is no evidence that it was ready for occupancy on July 1, 1922, or on the date of the trial. The seats had not been installed, and there was other work to be done by the defendant. There is no evidence that defendant had received any rent for the theatre down to the date of the trial. We think the evidence presented a case for the interposition of equity to decree specific performance. The evidence shows that Clifford, the party to whom defendant attempted to make a new lease of the theatre, was fully informed as to the facts concerning plaintiffs' existing contract and payments made on account thereof, indeed the formal written agreement between Clifford and the defendant recites the facts and the pendency of this action, and provides that in the event of judgment for plaintiffs the defendant Carlson is to make Clifford whole for any expenditures made. Present — Kelly, P. J., Rich, Kelby, Young and Kapper, JJ. Settle order on notice.

ALBERT BRUEHWEILER, Appellant, v. BENJAMIN F. HERNANDEZ and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ.